IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:98-CR-126-BO-1

| | |
|---|---|
| SEAN JEROME ESCOFFERY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's petition for writ of error coram nobis [DE 77], respondent's motion to dismiss [DE 84], petitioner's motion for a copy of the transcript [DE 88], petitioner's supplemental motion for evidentiary hearing and motion for resentencing [DE 93], and petitioner's motion for evidentiary hearing [DE 104]. For the reasons stated herein, respondent's motion to dismiss is GRANTED, petitioner's writ of coram nobis is DISMISSED, petitioner's motion for copy of transcript is DENIED AS MOOT and petitioner's motions for evidentiary hearing are DENIED AS MOOT. Petitioner's motion for resentencing is DENIED.

## BACKGROUND

Petitioner argues that his 1999 conviction for possessing unauthorized devices should be vacated because (1) his attorney failed to advise him of certain immigration consequences of his plea; (2) his plea agreement was invalid because it contained a waiver of appellate rights; and (3) his attorney failed to file a notice of appeal after being requested to do so. Petitioner was sentenced to ten months' imprisonment and was released from Bureau of Prisons custody on July 21, 1999. Petitioner has presumably been off of supervised release since at least 2002. Petitioner was not deported as a result of his conviction, however, he complains that his N-400 application

for naturalization was denied by the Citizenship and Immigration Service on account of his criminal conviction. Petitioner filed his writ of error coram nobis on May 16, 2012.

## DISCUSSION

A writ of error coram nobis is a "remedy of last resort" that is granted "only where an error is of the most fundamental character and there is no other available remedy." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (citation omitted). "The writ is narrowly limited to extraordinary cases presenting circumstances compelling its use to achieve justice. *Id.* (citation omitted). "To obtain relief, a petitioner must show that "(1) a more usual remedy is not available (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* (citation omitted).

I. PETITIONER'S ADVERSE IMMIGRATION CONSEQUENCE CLAIM.

In *Akinsade*, the fourth Circuit granted a writ for error coram nobis where the petitioner was facing deportation on account of pleading guilty to an aggravated felony after his attorney affirmatively misadvised him that he could not be deported. The *Akinsade* court found that the first element was satisfied because he was no longer in custody and this could not pursue more traditional habeas remedies. The court found the second element to be satisfied because the petitioner had no reason to challenge his conviction until such time as the immigration authorites began deportation proceedings against him contrary to what he had been told by his attorney. With respect to the third and fourth elements, the *Akinsade* court found that the risk of deportation is an adverse consequence sufficient to create a justiciable case or controversy, and then applied a traditional *Strickland* analysis to conclude that the attorney's misadvice was an error of the most fundamental character.

2

Here, the government does not contest the first element of *Akinsade* because petitioner is no longer incarcerated. For purposes of its motion to dismiss the immigration consequence claim, the government also concedes that plaintiff has met the second *Akinsade* element. However, the government argues that this case is clearly distinguishable from *Akinsade* with respect to the third and fourth elements and therefore petitioner should not be afforded any relief. Plaintiff relies on *Padilla v. Kentucky* which declines to distinguish between affirmative misadvice and failure to advise, but the decision is limited to a requirement that defense counsel inform the client of "whether his plea carries a risk of deportation." 559 U.S. 356, 367 (2010). Deportation is not the issue here and neither party nor this Court is aware of a judicial decision extending *Padilla* to the context here – denial of a citizenship application. Further, *Padilla* is not retroactive to convictions which have already become final. *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012); *Chaidez v. United States*, 133 S.Ct. 1103, 1105 (2013).

Petitioner's case relies on *Padilla* being retroactive to his case. *Padilla* is clearly not. Accordingly, this Court grants the government's motion to dismiss petitioner's writ of error coram nobis as it alleges ineffective assistance of counsel due to counsel's alleged failure to advise plaintiff of the possible effect on his immigration status.

II. PETITIONER'S APPELLATE RIGHTS WAIVER AND FAILURE TO APPEAL CLAIMS.

Petitioner's claim that the waiver of appellate rights contained in his plea agreement makes the plea agreement invalid is clearly foreclosed in this circuit. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (upholding a waiver of appellate rights in a plea agreement).

Petitioner's claim of ineffective assistance of counsel concerning a failure to file a notice of appeal fails to surmount the exceedingly high bar for obtaining a writ of error coram nobis. Here, no valid reason exists for not attacking the conviction earlier because the error was known

3

at the time that petitioner's conviction became final, and habeas relief under 28 U.S.C. § 2255 was available to the petitioner earlier. *See United States v. Bazuaye*, 399 Fed. App'x 822, 824 (4th Cir. 2010) (per curiam) (denying the writ where the error was discoverable at some point within the seventeen years that passed between entry of judgment and the filing of the coram nobis petition); *Sun v. United States*, 342 F. Supp. 2d 1120, 1126 (N.D. Ga. 2004) ("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable."). Accordingly, this Court dismisses the remaining elements of petitioner's coram nobis petition.

### III. PETITIONER'S REMAINING MOTIONS.

Petitioner's motion for a copy of his Rule 11 plea colloquy transcript, sentencing transcript, and factual basis transcript is denied as moot. The matters at issue before this Court do not rely on anything that occurred during a proceeding that has a transcript. Plaintiff's claims are barred on procedural, not factual grounds, and therefore no transcript would have helped the petitioner in making his case.

Petitioner's motions for evidentiary hearings are denied as moot. This Court is capable of ruling on this matter based on the briefs and sees no reason to hold an evidentiary hearing.

Petitioner's motion for resentencing is embedded within one of his motions for an evidentiary hearing [DE 93]. Petitioner asks for a downward departure pursuant to *United States v. Kimbrough*, 552 U.S. 85 (2007), that would reduce his fine from $10,000 to $9,000. Petitioner offers no valid reason for not raising this claim within one year of the Supreme Court's decision in *Kimbrough*. Accordingly, this claim is untimely and is denied as such.

4

## CONCLUSION

For the foregoing reasons, respondent's motion is GRANTED, petitioner's petition for writ of error coream nobis is DISMISSED in its entirety, petitioner's motions for evidentiary hearings are DENIED AS MOOT, and petitioner's motion for resentencing is DENIED AS UNTIMELY.

SO ORDERED.

This the __7__ day of November, 2013.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE